```
            IN THE UNITED STATES DISTRICT COURT
           FOR THE NORTHERN DISTRICT OF ILLINOIS
                       EASTERN DIVISION

GUARDIAN GAMING, LTD.,          )
                                )
            Plaintiff,          )
                                )
      v.                        )    No.  09 C 7611
                                )
MONTEL WILLIAMS, et al.,        )
                                )
            Defendants.         )
```

## MEMORANDUM ORDER

Guardian Gaming, Ltd. ("Guardian") has just instituted this action against Montel Williams ("Williams") and International Poker League, LLC ("League"), seeking to call into play the diversity-of-citizenship branch of federal jurisdiction.  This memorandum order is issued sua sponte because of a fundamental flaw in Guardian's Complaint in that respect.

As its corporate name indicates, League is a limited liability company.  Although Complaint ¶4 asserts that it is an alter ego of Williams, that allegation of course bears on Guardian's effort to ascribe League's conduct and potential liability to Williams personally--but it does not alter the fact of League's corporate existence.  Hence Complaint ¶4's identification of League's state of incorporation and of the location of its principal place of business speak only to jurisdictionally irrelevant factors.

Indeed, those irrelevant allegations ignore more than 10 years of repeated teaching from our Court of Appeals (see, e.g.,

Cosgrove v. Bartolotta, 150 F.3d 729, 731 (7th Cir. 1998) and a whole battery of cases since then, exemplified by Thomas v. Guardsmark, LLC, 487 F.3d 531, 533-34 (7th Cir. 2007)). And that teaching has of course been echoed many times over by this Court and its colleagues.

Until quite recently this Court was content simply to identify such failures to the lawyers representing plaintiffs in pursuance of its mandated obligation to "police subject matter jurisdiction sua sponte" (Wernsing v. Thompson, 423 F.3d 732, 743 (7th Cir. 2005)). But there is really no excuse for counsel's lack of knowledge of such a firmly established principle after more than a full decade's repetition by our Court of Appeals and others.[1] Hence it seems entirely appropriate to impose a reasonable cost for such a failing.

Accordingly not only Guardian's Complaint but this action are dismissed (cf. Held v. Held, 137 F.3d 998, 1000 (7th Cir. 1998)), with Guardian and its counsel jointly obligated to pay a fine of $350 to the Clerk of this District Court if they hereafter file a timely and appropriate Fed. R. Civ. P. 59(e) motion that provides the requisite missing information[2] that can

---

[1] Guardian is represented by members of one of Chicago's (indeed, one of the nation's) largest law firms. Even if counsel handling the case have not themselves had the occasion to deal with the jurisdictional issue in earlier cases, it might have been expected that in-house memoranda or training would have filled that gap for the firm's litigators.

[2] If Guardian's counsel do return to the drawing board, they should also replace Complaint ¶3's reference to Williams'

lead to the vacatur of this judgment of dismissal.[3] Because this dismissal is attributable to Guardian's lack of establishment of federal subject matter jurisdiction, by definition it is a dismissal without prejudice.

In that respect, however, it does seem quite likely that League's membership may not include any non-diverse citizens, in which event the jurisdictional defect spoken of here would in fact prove readily curable. In light of that possibility, this Court is contemporaneously issuing its customary initial scheduling order, an order that would of course be vacated if this action remains dismissed.

_____
Milton I. Shadur
Senior United States District Judge

Date:   December 9, 2009

---

residence with an identification of his state of citizenship (which is by definition the relevant fact for diversity purposes). Our Court of Appeals is particularly strict on that score, teaching that such reference to an individual's residence is a ground for dismissal (see, e.g., Adams v. Catrambone, 359 F.3d 858, 861 n.3 (7th Cir. 2004), but this Court's practice is simply to call counsel's attention to that common error without dismissing the case.

[3] That fine is equivalent to the cost of a second filing fee, because a new action would have to be brought if the defect identified here turns out to be curable.